WALTON et al. v. STEWART.

(*Supreme Court, General Term, First Department.* October 16, 1891.)

1. TRUSTS—ENFORCEMENT—PLEADING.
   A complaint alleged that plaintiffs, who had succeeded the officers of a certain regiment, had elected defendant trustee of a fund which those officers had accumulated for the relief of sick and needy members of the regiment; that the regiment had been disbanded, and all its members discharged from the state militia, except plaintiffs and defendant, who were still members thereof; that since the disbandment there is no longer any object for which the fund can be maintained; and that plaintiffs are the legal successors to the fund, and entitled to equal shares thereof. It prayed that defendant be compelled to account for all the assets of the fund, and that they be equally divided between plaintiffs and defendant. *Held* that, though the relief to which plaintiffs are entitled may be different from that demanded, the complaint states facts sufficient to constitute a cause of action.

2. SAME.
   As it was by plaintiffs that defendant was chosen trustee, and through them that he acquired possession and control of the fund, he cannot question their right to call him to account, and insist that the money in his hands be judicially distributed to those entitled thereto.

3. SAME—PARTIES.
   As it is alleged that there is no longer any member of the regiment, other than plaintiffs and defendant, for whose benefit the trust was created, there is no apparent defect of parties to furnish ground for a demurrer.

   BARRETT, J., dissenting.

Action by William P. Walton, Walter L. Miller, George W. Collins, Percy May, Warren F. Tupper, Richard Denahan, Harold Christensen, Louis Gumbart, Wolfgang Goetz, George W. Mooney, Robert A. Elliott, Chris. L. Levien, Theodore Schmidt, and J. W. Hale against Albert P. Stewart, trustee. The complaint alleged that in the year 1879 one Frederick D. Unbekant, then colonel of the eleventh regiment National Guard of the state of New York, with the officers of said regiment, did accumulate a fund for the relief of the sick and needy members of said regiment, whereof the income has since said date been duly expended for that purpose; that in 1885 said Unbekant died, and was succeeded by the defendant, Albert P. Stewart, as colonel of the eleventh regiment; that these plaintiffs subsequently succeeded the aforesaid officers in said regiment, and after the death of said Unbekant they elected said Stewart trustee of said fund, and he subsequently acquired possession thereof; that in January, 1889, the said eleventh regiment was disbanded, and all the members thereof, excepting these plaintiffs, were duly discharged from the state militia; that these plaintiffs, together with the defendant herein, are still members of the National Guard of the state of New York, and the only remaining members of such regiment, and the legal successors to said fund, and entitled to equal shares of such fund; that since the disbandment of said regiment the purposes of said fund have ceased to exist, and there is no longer any object for which this fund can be maintained; that said Stewart filed no bonds to secure said fund against his mismanagement; that he has no property to indemnify these plaintiffs in case of any loss to

said fund by reason of his negligence or misconduct, and that he is insolvent. It prayed that said fund be equally divided among plaintiffs and defendant, and that defendant be made to account for all the assets of said fund, and turn over the same to a receiver to be appointed by the court pending the determination of this action, and be then paid by said receiver as may be provided by the order or decree of the court granted upon notice to all parties. Defendant demurred to this complaint, which demurrer was overruled, and he appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*J. K. Hayward*, for appellant.    *Charles H. Collins*, for respondent.

BARTLETT, J.    We agree with the learned judge who heard this case at special term that the complaint states facts sufficient to constitute a cause of action against the defendant, although the relief to which the plaintiffs are entitled may be different in some respects from that which they demand. The fund in controversy was raised by the officers of the eleventh regiment, as such, for the benefit of the sick and needy members of the regiment. The plaintiffs are the successors of the officers who thus raised the fund. By their action the defendant was chosen trustee. It was through these very plaintiffs, therefore, that he acquired possession and control of the money, to be applied to the use of third persons under certain circumstances; and now, when they allege that the purpose of the trust has failed, and ask a distribution of the fund among those who are entitled to it, the trustee, who owes his position wholly to their action, cannot be allowed successfully to question their legal capacity to call him to account, and to insist that the money which they placed in his hands shall be judicially distributed among those to whom it belongs. They may be wrong in claiming that it belongs wholly to the persons now before the court. That matter can be determined hereafter, and other parties, if necessary, can be brought in, or their rights may be provided for and protected in the decree. Under the allegations of the complaint, however, there does not appear to be any defect of parties of which the defendant can take advantage by demurrer. The plaintiffs, who made the defendant trustee, are before the court; the trustee himself is here; and it is alleged that there are no longer any other members of the eleventh regiment for whose benefit the trust was created. As to the original donors of the money, it cannot be determined that they are necessary parties without further information than the complaint contains in regard to the circumstances and conditions under which it was contributed to the fund. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurs.

BARRETT, J., (*dissenting.*)    I am unable to concur with my Brother BARTLETT. The plaintiffs, in their own right, have alleged no facts entitling them to any relief. They do not say that they contributed in any wise to this fund. So far as they are personally concerned, therefore, the complaint is demurrable in failing to state facts sufficient to constitute a cause of action. If, however, they are treated as pleading in a representative capacity, the complaint is defective in failing to state the origin of the fund, and to make the persons who contributed to it parties. If the old officers themselves contributed the entire fund, they should have been made parties. If they were aided by outside persons, such persons should have been brought in; for, if the trust has terminated, the defendant, when called upon to account, has a right to require such procedure as will effectually release him in a single action from all claims to the fund. Thus the beneficiaries should also have been brought in. The complaint is entirely barren with regard to the precise form and limitations of the trust in question, and the statement that the

plaintiffs, as successors to the officers who "accumulated" the fund,—whatever that may mean,—are the legal successors to such fund, and entitled to share therein equally, is a mere conclusion, unsupported by fact. I think the complaint is fatally defective, and that the demurrer should have been sustained.